IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


COY W. BELLAMY,
        Plaintiff,

vs.                                  Case No. 5:10cv84/MCR/EMT

WALTER A. McNEIL, et al.,
        Defendants.
_____/

## REPORT AND RECOMMENDATION

      This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 10).  Leave to proceed in forma pauperis has been granted (Doc. 7).

      Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  Such acceptance should not be given blindly, however; only well-pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff.  *See* Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Marrero v. City of Hialeah, 625 F.2d 499, 502

(5th Cir. 1980);[1] *see also* Long v. Satz, 181 F.3d 1275, 1278 (11th Cir. 1999) (per curiam) ("reasonable inferences" drawn); Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). A plaintiff must allege more than mere "labels and conclusions"; the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (citations and internal quotations omitted). Indeed, "any conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal." Weissman v. Nat'l Ass'n of Sec. Dealers, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) (citing Associated Builders, Inc., 505 F.2d at 99). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See* Bell Atl. Corp., *supra* (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). Upon review of the amended complaint, the court concludes that dismissal of this action is warranted.

Plaintiff, a prisoner, was housed at Gulf Correctional Institution ("GCI") at the time the events giving rise to this action transpired. In his amended complaint Plaintiff names as Defendants Walter A. McNeil ("McNeil"), Secretary of the Florida Department of Corrections ("FDOC"), and several GCI correctional officers.[2] Plaintiff alleges that upon being placed into administrative confinement at the GCI Annex his legal documents and other personal property were inventoried outside his presence and put in an inadequately secured storage area (Doc. 10 at 4).[3] Upon his

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

[2] In the amended complaint Plaintiff names as Defendants McNeil, Sgt. C. Warden, and correctional officer L. Dobsa in the style of the case (Doc. 10 at 1). In the "Defendants" section of the complaint form Plaintiff names Secretary McNeil and two different correctional officers, Connie Battin and J. Malles (*id.* at 2). The latter three parties are the Defendants named in the initial complaint (*see* Doc. 1) and thus are listed on the court's docket. No individual is mentioned by name in the "Statement of Facts" or "Statement of Claims" sections of the amended complaint. Regardless of the aforementioned deficiencies, it matters not whom Plaintiff may have intended to name as Defendants in his amended complaint because, as discussed below, the claims asserted are without merit.

[3] The page references used in this report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

release from administrative confinement, Plaintiff asserts, he was forced to sign an inventory sheet for the return of his property without first being permitted to check the property to confirm that all of it in fact was present (*id.*). Later, when Plaintiff was able to go through his property, he discovered that certain legal documents (specifically, transcripts of his criminal proceedings) were missing (*id.*). Plaintiff reported the loss of his documents, but was told that as he had signed the inventory sheet he must have received the items (*id.*). Plaintiff submitted numerous request slips regarding the missing transcripts and grieved the issue, but the documents were never located and returned to him (*id.* at 4, 5). Variously making reference to violations of the First, Eighth, and Fourteenth Amendments (*id.*), Plaintiff claims that the loss of his legal papers, which were "necessary for preparation of post[-]conviction pleadings, [and] motions with the court" has resulted in his being "delayed, denied, and/or deprived meaningful access to the courts" (*id.*). As relief, Plaintiff apparently seeks an order directing the FDOC "to find my trial transcripts or be required to provide replacement of these transcripts . . . ." (*id.* at 4).[4]

      First, it is settled law that interference with an inmate's access to the courts is a violation of a First Amendment right actionable under § 1983. <u>Lewis v. Casey</u>, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996); <u>Bounds v. Smith</u>, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977); <u>Chandler v. Baird</u>, 926 F.2d 1057 (11th Cir. 1991). As established in <u>Lewis</u>, however, to successfully allege a constitutional violation based upon a denial of access to courts, Plaintiff must specifically show how he was actually harmed or prejudiced with respect to the litigation in which he was involved. <u>Lewis</u>, 518 U.S. at 350–51. The type of prejudice that is deficient in the constitutional sense is that which hinders the inmate's ability to actually proceed with his claim; there is no constitutional mandate "to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court." *Id.* at 353. Importantly, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354. Plaintiff must show that he was prejudiced in a criminal appeal or post-conviction matter, or in a civil rights action seeking "to vindicate 'basic constitutional rights.'" *Id.* at 354–55 (quoting <u>Wolff v. McDonnell</u>, 418 U.S. 539, 579, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)). Furthermore, he must allege actual injury

---

[4] Plaintiff presents this request for relief in "Statement of Facts" section of his complaint form; the "Relief Requested" section of the form is blank (Doc. 10 at 5).

Case No. 5:10cv84/MCR/EMT

"such as a denial or dismissal" and show that presentation of his case was impeded because of Defendants' actions. Wilson v. Blankenship, 163 F.3d 1284, 1290–91 (11th Cir. 1998) (citing Lewis, 518 U.S. at 355); *see also* Bass v. Singletary, 143 F.3d 1442, 1445–46 (11th Cir. 1998). So long as Plaintiff was able to litigate his claim, he cannot demonstrate that he was unconstitutionally denied access to the courts. Wilson, 163 F.3d at 1291. Moreover, Plaintiff cannot show an injury unless he shows that the case he was unable to pursue had arguable legal merit. Lewis, 581 U.S. at 353 n.3; Wilson,163 F.3d at 1291. In the instant case, although Plaintiff indicates that the legal materials at issue were trial transcripts from his criminal case, he has alleged no prejudice or injury as a result of the deprivation of these materials. He has alleged nothing that suggests that the denial or dismissal of any appeal of his criminal case was due to the lack of his transcripts or that any appeal of his sentence or conviction in fact had arguable legal merit. Thus, Plaintiff has failed to state a claim of denial of access to courts regarding the alleged deprivation of his legal documents.

With respect to any Fourteenth Amendment due process claim, it is well established that negligent or intentional deprivations of property resulting from random, unauthorized acts of government officials do not become constitutional violations when there exist adequate remedies under state law for Plaintiff to seek redress for the deprivation. Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984); Parratt v. Taylor, 451 U.S. 527, 543–44, 101 S. Ct. 1908, 1917, 68 L. Ed. 2d 420 (1984), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986) (overruling Parratt to the extent that it states that mere lack of due care by a state official may "deprive" an individual of life, liberty, or property under the Fourteenth Amendment); Rodriguez-Mora v. Baker, 792 F.2d 1524, 1527 (11th Cir. 1986). The FDOC provides an inmate grievance procedure for contesting misplaced or mishandled inmate property. Furthermore, Florida Statutes § 768.28 (1993) provides a tort remedy for the alleged deprivation of Plaintiff's property. Indeed, attachments to Plaintiff's amended complaint reflect that he has pursued both avenues of relief, albeit unsuccessfully (*see* Doc. 10 at 12, 14–17).[5] Thus, it is evident that Plaintiff has had available to him adequate post-deprivation remedies for the alleged

---

[5] *See also* "Previous Lawsuits" section of the amended complaint, where Plaintiff cites two cases in which he pursued relief concerning his lost paperwork (Doc. 10 at 3).

Case No. 5:10cv84/MCR/EMT

unconstitutional taking of his property. Therefore, in this § 1983 matter Plaintiff has failed to state an actionable claim under the Due Process Clause.

Although an allegation of a constitutionally improper motive for the taking of property may enable an inmate to avoid the rule of Hudson v. Palmer, *see* Hall v. Sutton, 755 F.2d 786 (11th Cir. 1985), conclusory allegations or assertions of personal belief of disparate treatment or discriminatory intent are insufficient. *See* GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367–68 (11th Cir. 1998); Coon v. Ga. Pac. Corp., 829 F.2d 1563, 1569 (11th Cir. 1987). In the instant case, although Plaintiff makes vague reference to an equal protection violation (*see* Doc. 10 at 5), Plaintiff has not alleged Defendants had any improper motive for taking or destroying his personal property. Accordingly, to the extent one is asserted, an equal protection claim based on the loss of Plaintiff's legal property fails.

A claim under the Eighth Amendment also fails. The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed nor cruel and unusual punishments inflicted." U.S. Const. amend VIII. The Eighth Amendment applies only to cases involving punishment. Austin v. United States, 509 U.S. 602, 609–10, 113 S. Ct. 2801, 2805–06, 125 L. Ed. 2d 488 (1993) ("The purpose of the Eighth Amendment . . . was to limit the government's power to punish. The Cruel and Unusual Punishments Clause is self-evidently concerned with punishment.") (citing Browning-Ferris Industries of Vt., Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 109 S. Ct. 2909, 106 L. Ed. 2d 219 (1989)). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." *Id.* (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." *Id*. at 9 (citation omitted). With respect to these types of claims, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* at 9 (quotations and citations omitted). Here, Plaintiff does not claim that he was deprived of life's necessities but rather that he was merely deprived of personal property

in the form of legal transcripts. The loss of this property does not rise to the level of an Eighth Amendment violation. This claim therefore is due to be dismissed as frivolous.

Based upon the foregoing, the undersigned concludes that this action should be dismissed as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

Accordingly, it is respectfully **RECOMMENDED**:

1. That this action be **DISMISSED** as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

2. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 14th day of February 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**